IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| SUB-ZERO, INC., <br> 4717 Hammersley Road <br> Madison, Wisconsin 53711 <br><br> and <br><br> FEDERAL INSURANCE COMPANY, <br> a/s/o Sub-Zero Freezer Company, Inc., <br> 15 Mountain View Road <br> Warren, New Jersey 07061 <br><br>       Plaintiffs, <br><br> vs. <br><br> GENERAL ELECTRIC COMPANY, <br> 3135 Easton Turnpike <br> Fairfield, CT 06828-0001 <br><br>       Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 09-cv-497 <br><br><br><br><br><br><br><br><br><br> JURY DEMANDED |

## **COMPLAINT**

NOW COMES Plaintiff, SUB-ZERO, INC. f/k/a Sub-Zero Freezer Company, Inc. and FEDERAL INSURANCE COMPANY as subrogee of Sub-Zero Freezer Company, Inc., by and through their attorneys COZEN O'CONNOR and PETERSON, JOHNSON & MURRAY, S.C., and complain of Defendant, GENERAL ELECTRIC COMPANY, as follows:

### **JURISDICTIONAL ALLEGATIONS**

1. Plaintiff SUB-ZERO, INC. f/k/a Sub-Zero Freezer Company, Inc., (hereafter referred to as "Sub-Zero"), is a Wisconsin corporation with its principal place of business at 4717 Hammersley Road, Madison, Wisconsin 53711, and was at all times relevant in the business of manufacturing and distributing refrigeration and freezer appliances.

2. Plaintiff, FEDERAL INSURANCE COMPANY as subrogee of Sub-Zero Freezer Company, Inc. (hereafter referred to as "Federal"), is an Indiana corporation with its principal place of business at 15 Mountain View Road, Warren, New Jersey 07061. At all times relevant, Federal was licensed to issue insurance policies providing property insurance coverage for properties in the State of Wisconsin.

3. Upon information and belief, Defendant, GENERAL ELECTRIC COMPANY (hereafter "GE") is a New York corporation with its principal place of business at 3135 Easton Turnpike, Fairfield, CT 06828-0001, and at all times relevant hereto, regularly and systematically designed, engineered, manufactured, assembled, supplied, marketed, sold and distributed electrical products including high-intensity discharge ("HID") lamps.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that the parties are citizens of different states, or a citizen of a foreign state, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue is proper pursuant to 28 U.S.C. §1391 in that a substantial part of the events or omissions giving rise to the claim at issue occurred in this District.

## FACTS COMMON TO ALL COUNTS

6. At all times relevant, Federal provided insurance coverage under a policy issued to Sub-Zero covering its property located at 4717 Hammersley Road, Madison, Wisconsin (hereafter "the Premises") which is the subject of this Complaint.

7. On December 26, 2007, a fire occurred within the Premises causing the facility and its contents to sustain fire, smoke and water damage.

8. At all times relevant hereto, the manufacturing area of the Premises was lighted by HID light fixtures which contained 1000-watt HID lamps.

9. On December 26, 2007, the arc tube of a HID lamp in the Premises suddenly and violently exploded and shattered the outer glass envelope of the lamp thereby allowing intensely hot lamp components to fall onto a freezer line work station below.

10. As a direct and proximate result of the HID lamp arc tube explosion, Sub-Zero's property caught on fire and the fire activated sprinkler heads located in the Premises.

## COUNT I
### Strict Product Liability

11. Plaintiffs hereby incorporate by reference the averments contained in paragraphs 1 through 10 above as though each were fully set forth at length herein.

12. Defendant GE designed, engineered, manufactured, assembled, supplied, marketed, sold, distributed and placed in the stream of commerce the HID lamp (referenced in paragraph 9 above), including all appurtenant, related and component parts, in an unreasonably dangerous and defective condition which caused the aforesaid fire and resulting damages, for which defendant GE is strictly liable in tort.

13. The subject HID lamp was expected to and did reach the ultimate consumer in the condition in which it was manufactured and sold by GE and the lamp was not altered or modified after it was sold by GE.

14. At all times herein relevant the HID lamp referenced in paragraph 9 above was being used for its intended purpose and in a manner that was reasonably foreseeable.

15. As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant GE, Sub-Zero's property caught on fire and the fire caused a sprinkler head to activate and discharge water onto Sub-Zero's property causing loss, damage and destruction to the property owned by Sub-Zero, as well as the loss of use thereof, resulting in injury, damage, harm and financial detriment to Sub-Zero.

16. The explosion of the arc tube in the HID lamp resulting in the fire was the kind of incident that normally occurs as the result of product defect and the risk of harm could have been avoided or reduced by the provision of reasonable instructions and warnings.

17. The fire was not solely the result of causes other than product defect existing at the time of sale or distribution of the HID lamp.

18. As required by its insurance policy referenced in paragraph 6 above, Plaintiff FEDERAL was required to and did pay Sub-Zero $356,163.17 for its damages. By virtue of said payment of claims, FEDERAL is subrogated to its insured's rights to recovery against Defendant GE to the extent of its payments.

19. Notwithstanding the payments referenced in paragraph 18 above, Plaintiff Sub-Zero has not been compensated for its damages resulting from the fire to the extent of a $25,000.00 deductible applied to its claim.

WHEREFORE, Plaintiffs SUB-ZERO, INC. and FEDERAL INSURANCE COMPANY as subrogee of Sub-Zero Freezer Company, Inc. demand judgment in their favor and against Defendant, GENERAL ELECTRIC COMPANY, for their provable damages in an amount in excess of three hundred and fifty thousand dollars ($350,000.00) together with interest and any other damages this Court deems appropriate.

## COUNT II
### Negligence

20. Plaintiffs hereby incorporate by reference the averments contained in paragraphs 1 through 10 above as though each were fully set forth at length herein.

21. Defendant GE had a duty to use reasonable care and caution in designing, engineering, manufacturing, assembling, supplying, marketing, distributing and placing in the stream of commerce the subject HID lamp.

22.     Notwithstanding the aforesaid duty and in direct breach thereof, Defendant GE breached its duty in one or more of the following respects:

   a.   Carelessly, negligently and improperly failed to exercise reasonable care in engineering, designing, manufacturing, inspecting, selling and distributing its HID lamp, thereby causing and creating fire and explosion hazards that caused the fire;

   b.   Carelessly, negligently and improperly failed to provide full, sufficient and adequate warnings and instructions concerning the dangers, hazards and other unsafe conditions existing in and about its HID lamp;

   c.   Carelessly, negligently and improperly designing, engineering, manufacturing, selling and supplying its HID lamps with design and manufacturing defects which caused the subject HID lamp to explode and start the fire;

   d.   Carelessly, negligently and improperly failed to adequately warn, advise and inform of the need to use an explosion-proof HID lamp in the light fixture;

   e.   Carelessly, negligently and improperly failed to adequately warn, advise and inform of the need to use the lamp only in an enclosed fixture with a non-combustible lens;

   f.   Carelessly, negligently and improperly failed to provide its HID lamps with all necessary, appropriate and required safety mechanisms when defendant knew that the HID lamps had fire and explosion hazards;

   g.   Otherwise failed to exercise reasonable care under the circumstances and in ways that may be disclosed during the discovery process.

23.     As a direct and proximate result of one or more of the foregoing acts and/or omissions of Defendant GE, Sub-Zero's property caught on fire and the fire caused a sprinkler head to activate and discharge water onto Sub-Zero's property causing loss, damage and destruction to the property owned by Sub-Zero, as well as the loss of use thereof, resulting in injury, damage, harm and financial detriment to Sub-Zero.

24.     As required by its policy referenced in paragraph 6 above, Plaintiff FEDERAL was required to and did pay Sub-Zero $356,163.17 for its damages.  By virtue of said payment of

claims, FEDERAL is subrogated to its insured's rights to recovery against Defendant GE to the extent of its payments.

25. Notwithstanding the payments referenced in paragraph 24 above, Plaintiff Sub-Zero has not been compensated for its damages resulting from the fire to the extent of a $25,000.00 deductible applied to its claim.

WHEREFORE, Plaintiffs SUB-ZERO, INC. and FEDERAL INSURANCE COMPANY as subrogee of Sub-Zero Freezer Company, Inc. demand judgment in their favor and against Defendant, GENERAL ELECTRIC COMPANY, for their provable damages in an amount in excess of three hundred and fifty thousand dollars ($350,000.00) together with interest and any other damages this Court deems appropriate.

PLAINTIFFS DEMAND TRIAL BY JURY AS TO EACH COUNT PLEADED.

        Respectfully Submitted,

        SUB-ZERO, INC. and
        FEDERAL INSURANCE COMPANY

By:   __s/Kevin P. Caraher_____
       One of Plaintiffs' Attorneys

Kevin P. Caraher
COZEN O'CONNOR
222 S. Riverside Plaza, Suite 1500
Chicago, Illinois 60606
Phone No: (312) 382-3100 Fax No: (312) 706-9792

    and

Michael P. Crooks
PETERSON, JOHNSON & MURRAY, S.C.
3 South Pinckney Street, Suite 900
Madison, WI 53703
Phone No: (608) 256-5220 Fax No.: (608) 256-5270

CHICAGO\721592\1 217792.000