IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SUB-ZERO, INC. and GREAT
NORTHERN INSURANCE COMPANY,

                    Plaintiffs,                  OPINION AND ORDER

v.

                                                          09-cv-00497-wmc

GENERAL ELECTRIC COMPANY,

                    Defendant.

---

Defendant General Electric Company ("GE") moves to strike the report of James L. Rhiner in support of plaintiffs Sub-Zero, Inc. and Great Northern Insurance Company ("Sub-Zero") opposition to GE's motion for summary judgment. (Dkt. #52.) Sub-Zero filed Mr. Rhiner's expert report on June 7, 2010, as part of its submission in opposition to summary judgment, over two months after the April 2, 2010 deadline set in the court's pretrial conference order. (Dkt. #32.) Because Sub-Zero has failed to demonstrate that this delay was either substantially justified or harmless, the court strikes Mr. Rhiner's expert report and excludes Mr. Rhiner from testifying at trial pursuant to Fed. R. Civ. Proc. 37(c)(1).

OPINION

In the preliminary pretrial conference order, dated October 19, 2009, the court set forth a number of deadlines, including disclosure of experts: April 2, 2010 for proponents experts, and May 3, 2010 for rebuttal experts. (10/19/09 Order (dkt. #25) ¶ 2.) The court also warned that: "Failure to comply with these deadlines and procedures

could result in the court striking the testimony of a party's experts pursuant to Rule 37. The parties may modify these deadlines and procedures only by unanimous agreement or by court order." (*Id.*)

Sub-Zero submitted an unopposed motion to modify the pretrial conference order, on April 9, 2010.[1] (Dkt. 32.) Sub-Zero requested extensions of all dates by approximately 120 days, including extensions of the deadlines for expert disclosure (from April 2nd to July 31st for proponents and from May 3rd to August 31st for respondents). As a basis for the request, Sub-Zero explained that document production had been delayed because the "[d]evelopment of the Confidentiality Agreement and Protective Order took longer than anticipated." (*Id.* at ¶ 3.)

In an order authored by Magistrate Judge Crocker, the court denied the motion to modify the pretrial conference order, explaining:

> Plaintiffs filed this lawsuit eight months ago, on August 12, 2009, alleging defendants' liability for an HID lamp failure that occurred over two years ago, on December 26, 2007. See 1. The court granted defendant two extensions of its deadline to answer. See 7 and 13. At the October 16, 2009 preliminary pretrial conference, the court set this case for trial 11 months out and warned the parties that they "must attend diligently to their obligations in this lawsuit and must reasonably accommodate each other in all matters so as to secure the just, speedy and inexpensive resolution of each proceeding in this matter as required by Fed. R. Civ. Pro. 1. Failure to do so shall have consequences." See 25 at 1. The parties' subsequent failure, for five and a half months, to file what amounts to a boilerplate joint protective order (see 30 merely establishes that the parties did not take seriously their

---

[1] It is worth noting that Sub-Zero's original motion itself was filed after its deadline for disclosure of experts.

2

> obligations to each other and to the court in this lawsuit. It is not a basis to grant the requested extension.

(Dkt. #33.) In light of this history, the court further indicated that "[t]he parties remain free to change the expert witness disclosure deadlines, see 25 at 2, but the May 17, 2010 summary judgment motion deadline and September 27, 2010 trial date remain in place." (*Id.*)

Following this ruling, Sub-Zero's counsel apparently took no steps to obtain GE's agreement to an extension of its expert disclosure deadline, much less to the originally proposed extension (for proponents, a date past the May 17th summary judgment deadline and for respondents, a date within a month of trial). Certainly, the parties reached no such agreement, either orally or in writing.

GE timely filed its motion for summary judgment by the May 17th deadline, premising its motion in substantial part on a lack of expert testimony on key liability issues, including product defect and the adequacy of product warnings. Sub-Zero submitted its opposition to GE's summary judgment motion on June 7, 2010. In support of its opposition, Sub-Zero submitted the report of James L. Rhiner, which it had not previously disclosed. (Dkt. #46.) In his report, Mr. Rhiner opines on the safety of the HID lamp at issue in this case, whether the warnings were adequate, and whether GE should have manufactured the lamp at issue in the first instance.

Federal Rule of Civil Procedure 37(c)(1) provides for the exclusion of untimely expert reports:

> **(**1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is <u>not allowed to use that information or</u>

3

> witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

(emphasis added).

Here, Sub-Zero failed to disclose its expert witness timely as required by the court's October 19, 2009 Order and Rule 26(a)(2)(C) ("[a] party must make [expert testimony] disclosures at the times and in the sequence that the court orders"). Accordingly, it is within the court's discretion to strike Mr. Rhiner's report and exclude him from testifying at trial. *See, e.g.*, *Mannoia v. Farrow*, 476 F.3d 453, 456-57 (7th Cir. 2007) (affirming district court's striking of expert report which was filed in opposition to a summary judgment motion and was not disclosed per the court's order); *see generally* 8b Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2289.1 at 597-598 & 598 n.11 (noting that the sanction of excluding undisclosed information pursuant to Fed. R. Civ. Proc. 37(c)(1) "applies to required disclosures regarding expert witnesses" and citing numerous cases in support).

Rule 37(c)(1) has a "safety-valve" provision, which allows for the court to exercise its discretion and not strike expert testimony when its admission is "substantially justified" or "harmless." The party seeking admission of the expert testimony has the

4

burden of proof. Here, however, Sub-Zero has failed to demonstrate that its untimely disclosure of Mr. Rhiner's expert report was either "substantially justified" or "harmless."

As for the first basis -- substantial justification -- Sub-Zero argues that the court in its April 12, 2010 denial of Sub-Zero's motion to modify the pretrial conference order allowed the parties to agree to extensions of expert disclosures. Unfortunately for Sub-Zero, however, the parties never did so. Sub-Zero hints that its unopposed motion for extension constituted some sort of agreement between the parties. In light of the court's decision not to extend the dispositive motion and trial deadlines, however, it was at best unlikely that GE would not oppose, much less affirmatively agree to, an extension of Sub-Zero's expert disclosure deadline to fall after the dispositive motion deadline. Perhaps Sub-Zero believed it had such an implicit agreement -- or believed that, by not raising the possibility of an extension again, GE would later acquiesce (or be deemed by the court to have silently acquiesced) to the extension of expert disclosures -- but such an unfounded belief hardly constitutes "substantial justification" for Sub-Zero's untimely disclosures in light of the court's earlier wholesale denial of Sub-Zero's motion to modify the scheduling order. On the contrary, such belief was wholly unjustified under the circumstances.[2]

---

[2] The court would normally be sympathetic to Sub-Zero's plea that GE not be allowed to "backtrack [] on its prior position to gain an advantage." (*See* Pls.' Opp'n to Motion to Strike (dkt. #57) 1.) But there is no evidence to support the assertion that GE's counsel in any way misled Sub-Zero's counsel as to its position on expert deadlines. Merely agreeing not to oppose the other side's motion for an extension of all deadlines, including those for summary judgment and trial, is <u>not</u> the same position as agreeing to an extension of expert deadlines after the motion was denied, especially when the proposed extension would move expert disclosures past summary judgment and very close to trial. To the extent this rewards GE's refusal to work out a solution, it is the price of <u>not</u>

Moreover, Sub-Zero's reason for seeking a modification of the pretrial conference order in the first instance -- namely a delay in finalizing the protective order -- was already rejected by the court. Sub-Zero's delay in disclosing experts is not substantially justified by a five-month process of developing a "boilerplate joint protective order." (Dkt. #33.) And to the extent Sub-Zero was having trouble completing an expert report because GE was untimely with its document production, the solution was to agree on a reasonable extension of the expert deadline or, failing that, come to the court with a motion to compel. The solution was not to ignore the deadline and hope for the best.[3]

In deciding whether Sub-Zero's delay was harmless, the court considers the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

In arguing that its untimely disclosure is harmless, Sub-Zero primarily focuses on the second factor -- namely GE's opportunity to cure the prejudice. Sub-Zero points to the fact that GE identified possible experts in its Rule 26(a)(1) disclosures and argues there was "sufficient time for GE to disclose experts and present them for deposition in advance of the scheduled trial date," at least at the time Sub-Zero filed its opposition to the motion for summary judgment. (Pls.' Opp'n to Motion to Strike 2.)

---

rewarding a baffling failure by Sub-Zero either to work out an agreement with GE or adhere to the existing deadlines.

[3] Even timely naming the expert, and turning over an unfinished report pending completion of GE's document production would have shown Sub-Zero's good faith effort to comply.

This argument misses the mark, however, since GE's motion for summary judgment is largely premised on Sub-Zero's failure to offer any expert testimony regarding whether the lamp at issue was defectively or negligently designed or manufactured or whether the warnings were sufficient. Accordingly, GE has been prejudiced by Sub-Zero's untimely disclosure in a way that cannot be cured. *See, e.g., Ruhland v. Walter Kidde Portable Equip., Inc.*, 179 F.R.D. 246, 250 (W.D. Wis. 1998) (striking untimely expert report, in part, because "the deadline for disclosure of expert witnesses was scheduled purposefully before the deadline for filing dispositive motions. This timing was intended to provide defendant an opportunity to formulate a dispositive motion on the basis of plaintiffs' expert disclosures"); *Rowe Intern. Corp. v. Ecast, Inc.*, 586 F. Supp. 2d 924, 934-35 (N.D. Ill. 2008) (striking opinions in expert report not previously disclosed because the risk of unfair "ambush" applies to summary judgment briefing, not just to trial).

The other factors also weigh against finding Sub-Zero's delay harmless. In focusing on the possibility of a cure, Sub-Zero essentially concedes that GE was prejudiced by its delay. But any curative measure at this point -- *e.g.,* allowing GE a chance to take Rhiner's deposition, name a responsive expert, and file a surreply brief on summary judgment -- would almost necessarily impact the September 27th trial date, thereby implicating the third factor.

As for the fourth factor -- bad faith and willfulness -- Sub-Zero was well aware of, or recklessly disregarded, the expert disclosure deadlines in light of the court's previous

refusal to modify deadlines, and submitted Mr. Rhiner's report without any acknowledgement of or explanation for its untimeliness.

## ORDER

IT IS ORDERED that defendant General Electric Company's motion to strike plaintiffs' report of James L. Rhiner and exclude his expert testimony at trial is GRANTED.

Entered this 20th day of August, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge